COPY

JACK W. LEE (SBN 71626)
DEREK G. HOWARD (SBN 118082)
BETHANY L. CARACUZZO (SBN 190867)
MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887
Email: jlee@minamitamaki.com
Email: dhoward@minamitamaki.com
Email: bcaracuzzo@minamitamaki.com

NIALL P. MCCARTHY (SBN 160175)
JUSTIN T. BERGER (SBN 250346)
ERIC BUESCHER (SBN 271323)
COTCHETT PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel. (650) 697-6000
Fax (650) 697-0577
Email: nmccarthy@cpmlegal.com
Email: jberger@cpmlegal.com
Email: ebuescher@cpmlegal.com

Attorneys for Plaintiff and the Class

FILED
2011 FEB -2 AM 11:02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**GEORGE STRAGHALIS**, individually and on behalf of all others similarly situated,

Plaintiffs,

**vs.**

**FMR LLC, FIDELITY BROKERAGE SERVICES LLC, and DOES 1 through 10,**

Defendants.

Case No. CV 11-00071 DSF (RZx)

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

**(1) VIOLATION OF CIVIL CODE, SECTION 1750, *et seq.*;**

**(2) VIOLATION OF BUSINESS AND PROFESSIONS CODE, SECTION 17200, *et seq.*;**

**(3) COMMON LAW FRAUD;**

**(4) UNJUST ENRICHMENT**

**JURY TRIAL DEMANDED**

BY FAX

# TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. OVERVIEW .......... 2

A. THE BROKERED CERTIFICATES OF DEPOSIT MARKET .......... 2

B. DEFENDANTS OFFERED MISLEADING INCENTIVES TO LURE CUSTOMERS TO PURCHASE CDs FROM FIDELITY .......... 3

III. PARTIES .......... 4

IV. JURISDICTION AND VENUE .......... 5

V. STATEMENT OF FACTS .......... 6

VI. CLASS ACTION ALLEGATIONS .......... 9

VII. CAUSES OF ACTION .......... 11

FIRST CAUSE OF ACTION (COMMON LAW FRAUD) .......... 11

SECOND CAUSE OF ACTION (VIOLATION OF CA CIVIL CODE §1750, *et seq.*) .......... 12

THIRD CAUSE OF ACTION (VIOLATION OF CA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*) .......... 12

FOURTH CAUSE OF ACTION (UNJUST ENRICHMENT) .......... 13

VIII. PRAYER FOR RELIEF .......... 14

JURY TRIAL DEMAND .......... 15


MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

Plaintiff hereby brings this action for damages and relief against defendant for violations of California state common law, California Civil Code § 1750, *et. seq.*, and California Business and Professions Code § 17200, *et. seq.* Plaintiff complains and alleges upon information and belief except as to those paragraphs applicable to the Plaintiff, which are based on personal knowledge, as follows:

## I. INTRODUCTION

1. Plaintiff GEORGE STRAGHALIS (hereinafter "Plaintiff" or "Straghalis") brings this class action on behalf of those who purchased FDIC-insured bank-issued certificates of deposits ("CDs"), from January 1, 2005 until September 15, 2009, on the advertised promise on the Fidelity website--www.Fidelity.com--that their purchased CD transactions would be "fee-free."

2. Defendants FMR LLC and FIDELITY BROKERAGE SERVICES LLC (hereinafter referred to as "Defendants" or, collectively, "Fidelity") sell "brokered CDs", which are CDs issued from banking institutions to investors through deposit brokers like Fidelity. Fidelity Brokerage Services LLC is a non-integrated subsidiary of FMR LLC.

3. Fidelity offers a variety of investment products and services including CDs, life insurance, wealth management, securities execution and mutual fund investments to both individuals and institutions. This complaint focuses solely on Fidelity's practice of selling CDs.

4. This controversy does not involve publicly traded securities.

5. Plaintiff and the members of the Class assert that at all times relevant, Fidelity knew that its use of the term "fee-free" on its website selling the CDs was misleading and untrue.

6. In marketing the sale of CDs to its customers and the public, Fidelity used the term "fee-free" on its website selling the CDs in order that consumers would purchase the offered CDs from Fidelity, rather than directly from the issuer(s).

7. Plaintiff and the members of the Class allege that the purchases were not "fee-free." Rather, Fidelity was taking and keeping an undisclosed amount of money, *i.e.* a disguised fee, from purchasers each time Plaintiff and the Class members purchased brokered CDs via Fidelity's website, <u>www.Fidelity.com</u>.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

8. As such, Fidelity's misleading advertisements were untrue, lacked sufficient disclosure, and amounted to a violation of California law, including law that prohibits against unfair business practices (California Business and Professions Code Section 17200, *et seq.*)

9. Additionally, Fidelity's misconduct gives rise to claims under California's Consumer Legal Remedies Act (Civil Code Section 1750 et. seq.), as well as common law reliance, and plaintiff made a pre-litigation demand for Fidelity to cease its practices to no avail.

10. Class members are entitled to special and general damages, restitution and disgorgement of unjust enrichment of all money improperly obtained by Defendants from the Class, as well as attorneys' fees and costs, punitive damages, statutory damages, and any other relief as will make Class members whole and deter Fidelity's wrongful conduct in the future.

## II. OVERVIEW

### A. THE BROKERED CERTIFICATES OF DEPOSIT MARKET

11. As defined herein, a certificate of deposit ("CD") is an FDIC-insured financial product. These CDs are a conservative investment product and are not a security, nor have any of the CDs which are the subject of this lawsuit have been part of a securities offering. An FDIC insured CD requires a purchaser to hold onto a deposit for a certain fixed time. CDs are similar to savings accounts in that they are not regulated by the SEC, are completely FDIC insured and are thus risk-free.

12. Fidelity's website http://personal.fidelity.com/products/fixedincome/pocd.shtml states that, "All new issue CDs offered by Fidelity are FDIC-insured."

13. Currently, the standard insurance coverage amount is $250,000.00 per owner or depositor for single accounts.

14. In exchange for keeping the money on deposit for an agreed upon term, institutions grant higher interest rates than they do on accounts from which money may be withdrawn at any time.

15. There are many different types of CDs that are available to consumers. One such type of CD is the "brokered CD."

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

16. Brokerage firms, such as Fidelity, are known as "deposit brokers." Brokerage CDs are issued by banks for brokerage firms' customers with the deposits received being obligations of the issuing bank. Deposit brokers may be an attractive source for the purchase of CDs if they are able to negotiate higher rates of interest or offer more flexibility for their customers due to their ability to bring large numbers of deposits to the banks issuing the CDs.

17. Unlike banks who generally sell each CD to individuals or related investors, brokered CDs may be owned by many unrelated investors with each owning a share of the CD. In that case, the deposit broker merely acts as an agent for the group.

18. Brokered CDs are similar to bank-issued CDs in that investors agree to place their funds with the issuing bank for the term of the CD, and the CD earns interest at a specified rate. At maturity, the investors' funds, plus the agreed upon interest, is returned.

## B. DEFENDANTS OFFERED MISLEADING INCENTIVES TO LURE CUSTOMERS TO PURCHASE CDS FROM FIDELITY

19. California investors spend huge sums of money each year on "brokered CDs." With such a lucrative market, competition for investor dollars is stiff. All companies offer various incentives to attract customers.

20. One incentive offered by Fidelity on its website http://personal.fidelity.com/products/fixedincome/pocd.shtml was the promise that "all new issue CDs offered by Fidelity are <u>fee-free</u>."

21. However, "fee-free" did not accurately describe to the purchasers what Fidelity was earning and failed to disclose that Fidelity was earning approximately 2% of each purchase.

22. As such, with CD returns at a low interest rate, Fidelity was secretly earning almost twice what the Plaintiff and the Class members CD purchasers were earning in interest. In contrast, bank-issued CDs were offering higher amounts. This was not disclosed by Fidelity. The failure to disclose this fact on Fidelity's website, and its misleading representations otherwise, were violations of California law, damaged Plaintiff and the Class, and unjustly enriched Defendants.

23. Due to Defendants' unlawful and deceitful actions, Plaintiff along with other

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

California investors have funneled their investment dollars into the hands of Defendants, on the false promise that the purchase of bank-issued CDs would be "fee-free."

24. Plaintiff and other class members were not advised of Fidelity's deceitful receipt of "under the table" payments directly attributable to Fidelity's inadequate and misleading disclosure.

## III. PARTIES

25. Plaintiff **GEORGE STRAGHALIS**, is a resident of Arcadia, California, in the County of Los Angeles. He has purchased CDs from FMR LLC in the State of California. Between May 28, 2005 and September 17, 2008, Plaintiff purchased approximately twenty-two CDs in the amount of approximately $2,183,000.00 from Fidelity.

26. **FMR LLC** is a privately held corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Massachusetts. FMR LLC operates one of the world's largest online brokerages and maintains investor centers throughout North America, Europe and Asia through its non-integrated subsidiary Fidelity Brokerage Services LLC.

**27. FIDELITY BROKERAGE SERVICES LLC** is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Boston, Massachusetts. Fidelity Brokerage Services LLC is a non-integrated subsidiary of FMR LLC.

28. With regard to yet-unknown co-conspirators Doe Defendants 1 through 10, Plaintiff reserves the right to bring civil claims against them. The true names, conduct and capacities of these Doe Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure, section 474. Plaintiff is informed and believes that Doe Defendants are California residents. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Doe Defendants is responsible in some manner for the occurrences herein alleged and that these defendants proximately caused Plaintiff's injuries as herein alleged.

29. Plaintiff will amend this Complaint to show such true name and capacities when they have been determined. Plaintiff is informed and believes and thereon alleges that at all times

MINAMI TAMAKI, LLP
350 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

herein mentioned, each defendant was the agent of the other defendants and in performing the act herein alleged was acting within the course and scope of such agency and with the permission and consent of its co-defendants. Each of the Defendants ratified and/or authorized the acts of the other defendants.

30. Defendant Fidelity, and the Doe Defendants, and each of them, are individually sued as participants, co-conspirators, joint venturers, and aiders and abettors in the improper acts, plans, scheme, and transactions that are the subject of this complaint.

31. Whenever this Complaint refers to any act or acts of Fidelity, the reference shall also be deemed to mean that the directors, officers, employees, affiliates of Fidelity and/or Does 1 through 10, authorized such act while actively engaged in the management and direction of Fidelity.

## IV. JURISDICTION AND VENUE

32. This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which amends 28 U.S.C. § 1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiff is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs."

33. Venue is proper in this district. This Court has personal jurisdiction over the parties because Plaintiff resides in the District, the Defendant maintains offices in this District and a substantial part of the events, acts and omissions and transactions complained of herein occurred in this District. At all relevant times herein, defendant conducted substantial business and/or committed violations of law by acts committed in this District.

34. Defendants have sufficient minimum contacts within California to make the exercise of jurisdiction over Defendants consistent with traditional notions of fair play and substantial justice.

35. Defendants participate, and during the relevant period did participate, in the California market through the sale of deposit products such as brokered CDs.

MINAMI TAMAKI, LLP
350 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

## V. STATEMENT OF FACTS

36. From May 28, 2005 until September 17, 2008, Plaintiff STRAGHALIS purchased **twenty-two** bank-issued certificates of deposit from a variety of issuing banks through his Fidelity Individual Retirement Account ("IRA") account worth approximately $2,183,000.00

37. On Fidelity's Certificates of Deposit website, http://personal.fidelity.com/products/fixedincome/pocd.shtml, there is a hyperlink under "Buying a CD at Fidelity" labeled "Select and Buy a New Issue CD." This hyperlink directs the customer to a page listing all the available CDs offered by Fidelity at the time. This page, which resembles a spreadsheet, details the name, description, maturity date, price, quantity available, and expected yield of all the CD offerings. Customers must view this page in order to purchase the Fidelity offerings online.

38. On said Fidelity.com CD New Issue Offerings webpage (http://fixedincome.fidelity.com/fi/FICorpNotesDisplay?name=CD), above the listing of available CDs, there is a promise by Fidelity that "all new issue CDs offered by Fidelity are fee-free." This bullet point is followed by an asterisk, although there was no accompanying footnote or hyperlink.

39. On the CD New Issue Offerings webpage, at the times Plaintiff and the Class members purchased brokered CDs via the webpage, there was a link to a (PDF) document titled "CD Disclosure Document (PDF)." This eleven-page document contains no disclosure as to the compensation Fidelity receives from the underwriter of the CD. As of the filing of this complaint, and following the written complaints lodged by Plaintiff prior to the litigation, the "CD Disclosure Document (PDF)" has been changed to now be thirteen pages long, and now contains a reference to fees (where previously there was none) on page eleven as follows: "The Firm and the broker-dealer arranging for the CD to be offered will receive a placement fee from the Issuer in connection with your purchase of a CD. Except for the mark-up or mark-down discussed above in connection with secondary market transactions and a handling fee, if any, disclosed on your trade confirmation, you will not be charged any commissions in connection with your purchase of a CD." Plaintiff alleges on information and belief that Fidelity edited the "CD Disclosure Document

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

(PDF)" since being made aware of Plaintiff's complaints.

40. Some Fidelity Account Managers and others in management were not even aware of Fidelity's receipt of money for each sale, evidencing that the secret fee was also not disclosed to purchasers:

a. In or about May 2009, STRAGHALIS discovered that one of the CDs that he was considering as an investment - the GMAC (now ALLY bank) CD offered by Fidelity at 1.05% with a maturity date of May 14, 2010 - was being sold by GMAC through GMAC's website at 2.76%;

b. On May 9, 2009, Plaintiff e-mailed Fidelity's customer service address informing Fidelity that the Fidelity website contained inaccurate information concerning the purchase of CDs, specifically regarding the posted statement that "all new issues CDs offered by Fidelity are fee-free." Plaintiff also requested an explanation of the discrepancy between Fidelity's rates of return with the rates offered by the issuing banks.

c. On May 11, 2009 Fidelity account manager Christopher Herb replied. Mr. Herb stated that, "by no fee, [we] refer to the fact that the yield that is stated/promised in the online quote is the yield you will receive." (Mr. Herb also did not deny any of the allegations about Fidelity's failure to disclose nor did he refer to any portion of the Fidelity website that contained a disclosure or an explanation of "fee-free.")

41. When Fidelity was given yet another opportunity to identify where it had accurately disclosed its profits from its online offering of these CDs, it again failed to do, further evidencing that no proper and adequate disclosure existed on its website:

a. On June 7, 2009, Plaintiff wrote to Diane Rankin, Manager of the Pasadena Fidelity branch. Plaintiff was following up on a phone call between Plaintiff and Ms. Rankin, stating that:

> I wish to go on record that in response to my specific inquiry regarding the spread between the interest rate paid by GMAC and the rate you offer these CDS to your customers, a Vice President in your organization told you in an email that the spread on these transactions is 20 basis points. You read his email to me over the phone but you

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

> declined to forward the email to me. Again, for the record I want to emphasize that such a spread (assuming your V.P is right) represents a 19.05% profit margin and would be considered outrageous. I also told you that in fairness to your customers you should steer them away from such dreadful investments and instead tell them they would be better off purchasing the CD directly from the GMAC where they can earn 2.76% (as opposed to 1.05% From Fidelity) for the identical risk.

Plaintiff received no response to his letter.

b. Plaintiff again wrote to Fidelity on August 2, 2009 - this time to Fidelity CEO Ned Johnson III – seeking full disclosure of the interest rates Fidelity and the issuing banks negotiated on his certificates of deposit, as well as the prevailing rate offered to customers by the issuing banks for CDs with the same maturity date. Plaintiff also sought compensation for the difference

c. Shaun McEnery, assistant to the Fidelity Chairman, responded to Plaintiff on September 15, 2009 that, "Fidelity makes new issues CDs available to our clients without a separate transaction fee; however, Fidelity may receive compensation of up to 2% for new issue brokered CDs from an underwriter in the form of a concession. I apologize if you were previously unaware of this relationship; however, I can assure you that this disclosure is available on Fidelity.com." Yet, Mr. McEnery failed to attach or describe where this alleged disclosure was available on Fidelity's website, nor did he quote any of its language.

d. It was not until a full six months after STRAGHALIS contacted Fidelity, in September 25, 2009, that Mr. McEnery directed Plaintiff to specifically view the CD page of the Fidelity.com website, which at that time contained **a new CD page** with a link to a footnote next to the term "fee-free."

42. From May 9, 2009 to September 15, 2009 - a period of over six months – Plaintiff exchanged numerous letters, emails, and phone calls with Fidelity. Not once during that time span did any Fidelity representative advise Plaintiff of the existence of a disclosure statement on Fidelity's website. Plaintiffs are informed and believe that the website was altered to include new disclosure statements beginning from the time STRAGHALIS brought his case to Fidelity's

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

attention.

## VI. CLASS ACTION ALLEGATIONS

43. This action is brought and may properly be maintained as a class action pursuant to provisions of California Code of Civil Procedure § 382 and Civil Code § 1781(a). Plaintiff brings this action on behalf of himself and all others similarly situated as representative members of the following proposed class of:

> All persons and entities who purchased secondary market CDs from Fidelity from its website www.Fidelity.com that were advertised as "fee-free" during the time period January 1, 2005 to **September 15, 2009** and who suffered harm (the "Class").

44. In this suit, Plaintiff seeks, for himself and for the members of the Class, legal and equitable relief, including declaratory, restitutionary and other equitable monetary relief, and economic and statutory damages as set forth in this Complaint. This includes, but is not limited to disgorgement of any illegally retained money as a result of Fidelity's wrongdoing, and damages absorbed by the class.

45. The proposed Class is ascertainable and so numerous that the individual joinder of all its members in one action is impracticable. While the exact number and the identities of Class members are unknown at this time and can only be ascertained through appropriate investigation and discovery, inasmuch as defendants conduct business throughout the State of California, Class Plaintiff estimates the Class to include thousands of past and present Fidelity customers. Each transaction is well documented and recorded by Fidelity.

46. Common questions of law and fact arising out of the claims here at issue exist as to all members of the Class and predominate over any individual issues. Proof of a common state of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the Class are:

a. Whether Fidelity engaged in a common course of deceptive conduct, including the deceptive acts and practices identified herein;

b. Whether Fidelity made misrepresentations and omissions regarding the sales

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

of CD's, specifically identifying them as "fee-free";

c. Whether Fidelity knowingly, intentionally or recklessly engaged in a deceptive course of conduct in order to induce prospective customer to purchase their CDs.

d. Whether Fidelity has been unjustly enriched;

e. Whether Fidelity's promotional materials constituted false or deceptive advertising;

f. Whether Fidelity continued to collect or retain the monies here at issue despite their knowledge of or reckless negligent disregard for the true facts;

g. Whether the Class is entitled to the injunctive and equitable relief requested herein;

h. Whether the Class has sustained damages, and the proper measure of compensatory damages; and

i. Whether due to Fidelity's wrongful actions, punitive damages should be awarded to Plaintiff and Class members.

47. Plaintiff's claims are typical of those of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in class action litigation.

48. The Plaintiff and Class members have suffered harm and damages as a result of Fidelity's unlawful and wrongful conduct and many others will continue to suffer similar harm and damages. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, most members of the Class would likely find the cost of adjudicating their claims to be prohibitive, and would have no effective remedy at law.

49. The names and addresses of the Class members are available from the business records of Defendants. Notice can be provided to the Class members by first class mail and by using other techniques customarily used in class actions.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (COMMON LAW FRAUD - Individually and on behalf of the Class)

50. Plaintiff and the members of the Class incorporate and reallege each and every allegation above as if fully set forth in this Cause of Action, and further allege as follows.

51. Defendants, and each of them, represented to Plaintiff and members of the Class that their secondary markets CDs were "fee-free" via its website, www.Fidelity.com, as set forth herein.

52. Defendants' representations that the CD sales were "fee-free" were false.

53. Defendants knew that the representation on its website was false, or at the very least inadequate, when it was made, and/or Defendants made the representation recklessly without regard for its truth.

54. Defendants intended that Plaintiff and the members of the Class rely on the representations by purchasing CDs through Fidelity.com.

55. Plaintiff and members of the Class reasonably relied on Defendants' representation as set forth on Fidelity.com their purchase of CDs was "fee free" and that Fidelity was not collecting a secret form of compensation.

56. Plaintiff and the Class members suffered harm in that they would have had a much higher return had they purchased their CDs directly from the issuing banks and not from Fidelity.

57. Plaintiff and the Class members' reliance on Defendants' misrepresentations and/or inadequate disclosures was a substantial factor in causing their harm.

58. As a result of the conduct of Defendants, Plaintiff and the Class members have suffered and will continue to suffer general and specific damages in an amount to be determined according to proof.

59. In doing the herein alleged actions, Defendants, and each of them, acted towards Plaintiff and members of the Class with malice, oppression, fraud, and conscious disregard of their rights, entitling them to an award of punitive damages.

WHEREFORE, Plaintiff and members of the Class pray for judgment against Defendant as

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

is more fully set forth below.

## SECOND CAUSE OF ACTION

**(VIOLATION OF CA CIVIL CODE §1750, *et seq.* - Individually and on behalf of the Class)**

60. Plaintiff and the members of the Class incorporate and reallege each and every allegation above as if fully set forth in this Cause of Action, and further allege as follows.

61. Defendants made false and misleading statements concerning the brokered sale of FDIC-insured CDs.

62. By their wrongful conduct as alleged herein, Defendants have created, engaged in, and / or participated in unfair or deceptive acts or practices, in violation of the Consumers Legal Remedies Act ("CLRA"), the California Civil Code, sections 1750, *et seq*.

63. Upon information and belief, Defendants continue to engage in unlawful and deceptive practices in violation of the CLRA.

64. As a direct and proximate result of their violations of the CLRA, Defendants were unjustly enriched, and Plaintiff and the members of the Class sustained actual damages.

65. In acting as described above, Defendants acted despicably and with malice, oppression, fraud, and with a willful and conscious disregard of the rights of Plaintiff and of the Class, entitling an award of punitive damages.

66. By reason of the foregoing, Plaintiff and the members of the Class demand judgment for injunctive and equitable relief in the form of an injunction against the unlawful practices and restitution and/or disgorgement of funds paid to Defendants.

WHEREFORE, Plaintiff and the members of the Class pray for relief as set forth below.

## THIRD CAUSE OF ACTION

**(VIOLATION OF CA BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* – Individually and on behalf of the Class)**

67. Plaintiffs incorporate and reallege each and every allegation above as if fully set forth in this Cause of Action, and further allege as follows.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

68. Plaintiff and the members of the Class bring this cause of action both in their individual capacities and on behalf of the general public.

69. California Business and Professions Code, section 17200, *et seq.*, prohibits acts of unfair competition, including any "unlawful, unfair or fraudulent business act or practice" and "unfair deceptive, untrue or misleading advertising."

70. Defendants engaged in an unlawful business act and/or unlawful business practices in violation of California Business and Professions Code, section 17200, *et seq.*, by engaging in such unethical, unfair, deceptive and unlawful conduct as falsely advertising their CDs as "fee-free" while in reality taking a large share of what Plaintiff would have received had he purchased the CD directly from the issuing bank.

71. By doing such act, Defendants violated California Business and Professions Code, section 17200, *et seq.*, and caused substantial harm to the Class Plaintiff and its members.

72. By reason of the foregoing, Defendants have been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiff and the Class.

WHEREFORE, Plaintiff and the members of the Class pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**

**(UNJUST ENRICHMENT – Individually and on behalf of the Class)**

73. Plaintiff and the members of the Class incorporate and reallege each and every allegation above as if fully set forth in this Cause of Action, and further allege as follows.

74. Plaintiff and the Class members were to receive a higher return of investment had it not been for Defendants' deceitful and misleading actions.

75. Having taken on average 2% of Plaintiff's and the Class members' entire purchase total compared to a return to just 1.08% to Plaintiffs and members of the Class, Defendants have received a substantial benefit and has been unjustly enriched at the Plaintiff's and the Class members' expense.

76. As a result of the Defendants' conduct, Plaintiff and the Class members have suffered harm, in a damage amount to be established at trial.

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

WHEREFORE, Plaintiff and the members of the Class pray for relief as set forth below.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(1) Declaring this action to be a proper class action on behalf of the Class defined herein;

(2) Declaring that the acts of the Defendants are illegal and unlawful and in violation of California state common and statutory law;

(3) Special, general and compensatory damages according to proof;

(4) Restitution and disgorgement of profits;

(5) That Defendants be permanently enjoined and restrained from, in any manner, directly or indirectly, continuing the actions and violations of law set forth herein;

(6) Pre-judgment and post-judgment interest according to law;

(7) Costs and reasonable attorneys' fees;

(8) Any and all other and further relief as this Court deems just and proper.

DATED: February 1, 2011

MINAMI TAMAKI, LLP

By: [signature]
DEREK G. HOWARD

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887

## JURY TRIAL DEMAND

Plaintiff and the Class members hereby demand a jury trial for each cause of action for which they are entitled to a jury trial.

DATED: February 1, 2011

MINAMI TAMAKI, LLP

By: _______________________
DEREK G. HOWARD

MINAMI TAMAKI, LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel. (415) 788-9000
Fax (415) 398-3887